UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JESUS ALEJANDRO,

                          Plaintiff,

           -against-

CITY OF NEW YORK, ADW EDWIN DIAZ, SHIELD
NO. 127, CORRECTION OFFICER MICHAEL WALDO,
SHIELD NO. 18504,

                          Defendants.

------------------------------------------------------------------- x

ANSWER ON BEHALF OF
THE CITY OF NEW YORK
AND ADW EDWIN DIAZ

11 CV 6370 (JGK)

JURY TRIAL DEMANDED

Defendants, City of New York and ADW Edwin Diaz (hereinafter "Defendants")[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

    1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

    3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    5.    Deny the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, and a review of the Court's docket, defendant Correction Officer Michael Waldo has not yet been served with a copy of the summons and complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that on September 24, 2008, plaintiff was in the custody of the New York City Department of Correction ("DOC") and detained at the George R. Vierno Center ("GRVC") on Rikers Island.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, that the DOC is an agency of the City of New York and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the duties and functions of DOC and the relationship between the City of New York and DOC.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Diaz is employed by the City of New York as Assistant Deputy Warden, that plaintiff purports to proceed as stated therein, that on September 24, 2008, he was assigned to GRVC and state that the allegations that defendant Diaz "was acting in the capacity of an agent, supervisor, servant and employee of defendant City, within the scope of his employment as such, and acting under color of state law" are conclusions of law, rather than averments of fact, to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that on September 24, 2008, defendant Waldo was employed by the City of New York as a Correction Officer, that plaintiff purports to proceed as stated therein and state that the allegations that defendant Waldo "was acting in the capacity of an agent, supervisor, servant and employee of defendant City,

within the scope of his employment as such, and acting under color of state law" are conclusions of law, rather than averments of fact, to which no response is required..

11. Paragraph "11" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that on September 24, 2008, defendant Diaz responded to a personal body alarm in 17 building, section A.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that defendant Diaz encountered Officer Hollington prior to going to plaintiff's cell.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was brought to the ground.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was taken to the clinic for x-rays.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint insofar as it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint and all of its subparts.

32. In response to paragraph "32" of the complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint, except state that the allegation that the defendants were "act[ing] under color of state law" is a conclusion of law, rather than an averment of fact, to which no response is required.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except state that the allegations that the defendants "acted under pretense and color of state law and in their individual and official capacities within the scope of their respective employment" are conclusions of law, rather than averments of fact, to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to paragraph "38" of the complaint, defendants repeat and reiterate the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

48. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

49. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

50. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

51. Defendant Diaz has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

52. At all times relevant to the acts alleged in the complaint, Defendant Diaz acted reasonably and properly in the lawful exercise of his discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

53. To the extent that the complaint can be liberally construed to include state law claims, any such claims are barred for failure to comply with N.Y. Gen. Mun. L. §§ 50-e, 50-i and/or 50-h, and the applicable limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

54. At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

55. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

56. The plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

57. Some of plaintiff's claims may be barred by the Prison Litigation Reform Act.

**WHEREFORE,** Defendants, the City of New York and ADW Edwin Diaz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 17, 2012

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                  City of New York
                              *Attorney for Defendants, The City of New York and ADW Edwin Diaz*
                              100 Church Street
                              New York, New York 10007
                              (212) 788-0538

By: _____
                              Rudyard W. Ceres
                              Assistant Corporation Counsel
                              Special Federal Litigation

To: Cynthia H. Conti-Cook, Esq. (Via ECF)

Docket No. 11 CV 6370 (JGK)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JESUS ALEJANDRO,<br><br>                                            Plaintiff,<br><br>              -against-<br><br>CITY OF NEW YORK, ADW EDWIN DIAZ, SHIELD NO. 127, CORRECTION OFFICER MICHAEL WALDO, SHIELD NO. 18504,<br><br>                                           Defendants. |
| **ANSWER ON BEHALF OF THE CITY OF NEW YORK AND ADW EDWIN DIAZ** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel: Rudyard W. Ceres*<br>*Tel: (212) 442-6831*<br>*NYCLIS No.: 2011-030142* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ……………………………, 2010*<br><br>*……………………………………………… Esq.*<br><br>*Attorney for ………………………………………* |