UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JESUS ALEJANDRO,

                        Plaintiff,

         -against-

CITY OF NEW YORK, ADW EDWIN DIAZ, SHIELD NO. 127, CORRECTION OFFICER MICHAEL WALDO, SHIELD NO. 18504,

                        Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 9, 2015

**STIPULATION OF SETTLEMENT**

11 Civ. 6370 (KPF)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 13, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants City and Edwin Diaz have denied any and all liability arising out of plaintiff's allegations;[1] and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Jesus Alejandro the sum of **EIGHTEEN THOUSAND NINE HUNDRED DOLLARS ($18,900.00)** and defendant Edwin Diaz hereby agrees to pay plaintiff Jesus Alejandro the sum of **TWO THOUSAND ONE HUNDRED DOLLARS ($2,100.00)** in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.      Defendant Edwin Diaz herein agrees to dismiss any and all cross or counter claims with prejudice against the City of New York and to release any present or former employees or agents of the City of New York from any and all liability, cross or counter claims, or rights of action arising from this action or which could have been asserted in this action, including claims for costs, expenses and attorney's fees.

4.      Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this

---

[1] The individual identified in the caption as "Correction Officer Michael Waldo" has not been properly served in this matter and as such is not a party.

lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       December 15, 2014

STOLL, GLICKMAN & BELLINA, LLP
*Attorneys for Plaintiff*
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718)-852-3710

By: _____
    Martha Kashickey
    *Attorney for Plaintiff*

CERTILMAN, BALIN, ADLER & HYMAN
*Attorneys for Defendant Diaz*
1393 Veterans Memorial Highway
Hauppauge, NY 11788
(516) 296-7000

By: _____
    John Gionis
    *Attorney for Defendant Diaz*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendant City*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____   1/8/15
    Nicholas Melissinos
    *Assistant Corporation Counsel*

4

8. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
      1/8 ~~2014~~ 2015

| | |
|---|---|
| STOLL, GLICKMAN & BELLINA, LLP<br>*Attorneys for Plaintiff*<br>475 Atlantic Avenue, 3rd Floor<br>Brooklyn, NY 11217<br>(718)-852-3710<br><br>By: _____<br>Martha Kashickey<br>*Attorney for Plaintiff*<br><br>CERTILMAN, BALIN, ADLER & HYMAN<br>*Attorneys for Defendant Diaz*<br>1393 Veterans Memorial Highway<br>Hauppauge, NY 11788<br>(516) 296-7000<br><br>By: _____ 12-30-14<br>John Gionis<br>*Attorney for Defendant Diaz* | ZACHARY W. CARTER<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendant City*<br>100 Church Street, 3rd Floor<br>New York, New York 10007<br><br>By: _____ 1/8/15<br>Nicholas Melissinos<br>*Assistant Corporation Counsel*<br><br><br>Dated: January 9, 2015<br>       New York, New York<br><br>SO ORDERED.<br><br>*Katherine Polk Failla*<br><br>HON. KATHERINE POLK FAILLA<br>UNITED STATES DISTRICT JUDGE |

4